**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4838-16T3

PNC BANK, NATIONAL
ASSOCIATION,

    Plaintiff-Respondent,

v.

GRACE S. WONG,

    Defendant-Appellant,

and

STEVEN L. WONG, FULL
SERVICE REALTY LLC, 69 NORTH
FRANKLIN TURNPIKE, LIMITED
LIABILITY COMPANY, 391 FRANKLIN
TURNPIKE, LIMITED LIABILITY
COMPANY and 40 LAKEVIEW DRIVE,
LIMITED LIABILITY COMPANY,

    Defendants.

_____

        Submitted July 23, 2018 — Decided August 14, 2018

        Before Judges Whipple and Suter.

        On appeal from Superior Court of New Jersey,
        Law Division, Bergen County, Docket No. L-
        9306-12.

        Grace S. Wong, appellant pro se.

Dilworth Paxson LLP, attorneys for respondent (Francis P. Maneri, on the brief).

PER CURIAM

Grace S. Wong appeals from the trial court's April 28, 2017 order denying her motion to compel PNC Bank, National Association (PNC), to file a Warrant of Satisfaction of Judgment and refund extra proceeds with interest. For the reasons that follow, we affirm.

The lengthy history of litigation surrounding this matter is set forth in Wong v. PNC Bank, No. A-5596-15 (App. Div. Oct. 11, 2017). As such, a brief summary will suffice here.

On December 11, 2014, a judgment for $1,305,707.09 was entered in favor of PNC against defendants Wong, Steven L. Wong, Full Service Realty LLC, 69 North Franklin Turnpike LLC, 391 Franklin Turnpike LLC, and 40 Lakeview Drive, LLC (the Judgment).[1] The Judgment stemmed from a loan PNC made to defendants and secured by personal guarantees and four properties, including a property in Ramsey (the Ramsey property).

The trial court entered final judgment of foreclosure for the Ramsey property on August 18, 2014. A sheriff's sale was held on June 5, 2015. Land Holding, LLC, a PNC affiliate, purchased the property.

---

[1] Grace S. Wong is the sole party on appeal.

A-4838-16T3

On November 24, 2015, Wong filed a complaint alleging PNC violated a bankruptcy automatic stay order by proceeding with the sheriff sale for the Ramsey property and that PNC failed to provide her with sufficient notice. The court rejected Wong's assertions and granted PNC's motion for summary judgment, which we affirmed on October 11, 2017. Ibid.

On March 8, 2017, Wong moved to compel PNC to file a Warrant of Satisfaction of Judgment and refund extra proceeds held with interest. In her motion, she argued PNC received $1,327,008.77 in satisfaction of the $1,303,707.09[2] Judgment.

On April 28, 2017, the trial court considered and denied Wong's motion, finding the Judgment had not been satisfied. The proceeds from the sheriff sales could not be applied to the Judgment until all Wong's appeals were completely resolved. The judge entered a corresponding order that day.

Wong moved for reconsideration, which the trial court denied on June 23, 2017. This appeal followed. On appeal, Wong raises the following issue:

> Can the [p]laintiff refuse to issue the Warrant of Satisfaction if the amount of sale proceeds paid into the account of the Plaintiff is in excess of the total amount of Judgment?

---

[2] This figure does not include post-judgment interest.

Wong again argues PNC received $1,327,008.77 against the Judgment of $1,303,707.09. She contends the Judgment was fully paid because the Ramsay property was sold at a sheriff sale, and the proceeds should have been applied against the Judgment. She provided no evidence or detail how the Judgment was satisfied, but, in her certification to the trial court, she listed certain amounts as paid that should be credited towards satisfaction of the Judgment. However, these totals as presented to the trial court lack evidentiary support. When Wong filed the motion on March 8, 2017, the Ramsey property was still in litigation. That matter was not resolved until October 11, 2017. See ibid. Moreover, there are other challenges pending in other courts.[3] As the trial court correctly held, until issues surrounding the Ramsey property are completely resolved, no credit can be applied toward the Judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] On April 28, 2017 Wong's appeal of the Bankruptcy Court order denying her automatic stay challenge was still pending in the United States District Court for the District of New Jersey, Docket No. 2:16-cv-02254. Other related matters were still pending in the Bankruptcy Court.

A-4838-16T3